**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JESSICA LEHMAN

                  Plaintiff,

        v.

CITY OF CHICAGO,

                  Defendant.

No. 1:26-cv-07202

Hon. Joan Lefkow
Hon. David Weisman

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO MOTION
FOR TEMPORARY RESTRAINING ORDER**

Defendant City of Chicago files this response to Plaintiff's motion for a temporary restraining order to apprise the Court of several developments that have occurred since Plaintiff Jessica Lehman ("Plaintiff") filed her motion on June 18, 2026. Plaintiff's current shelter placement through the Gender Based Violence hotel program was not terminated on June 26, and the City, through its Department of Family and Social Services ("DFSS") and one of its delegate agencies, SGA Youth and Family Services ("SGA"), have confirmed that Plaintiff may remain in that program while she arranges stable housing through other available programs. Additionally, DFSS and SGA are continuing to work with Plaintiff to address her remaining concerns relating to her current placement. In light of the confirmation that Plaintiff's current housing placement will not be terminated and the ongoing efforts to reach a resolution to Plaintiff's remaining concerns, the City asks that the Court deny Plaintiff's motion for a temporary restraining order.

**BACKGROUND**

In her Complaint, Plaintiff states that she is a 24-year-old autistic transgender woman who suffers from several disabilities, including a severe sensory processing disorder. Dkt. 13 ¶ 2. She is also a survivor of gender-based violence. *Id.* ¶ 12. Between April 8 and April 28, 2026,

1

Plaintiff was experiencing homelessness and encountered difficulties in accessing housing through the City's shelter system. *Id.* ¶ 12. On April 28, Plaintiff was placed in a confidential hotel location through the City's program for survivors of Gender Based Violence ("GBV"). *Id.* ¶ 5. The hotel program is operated by SGA, one of the City's delegate agencies for the GBV hotel program. *Id.* Plaintiff states in her motion that her placement thought the GBV hotel program "provided the private, non-congregate, sensory-controlled environment" that is medically necessary for her. Dkt. 5 ¶ 3.

Since Plaintiff filed her motion on June 18, DFSS and SGA have affirmed that Plaintiff's placement in that program would not end on June 26, 2026, and that she will be able to remain in that placement until she is able to arrange stable housing. DFSS, through Danny Castañeda, its Deputy Commissioner for Gender-Based Violence & Human Services, responded to Plaintiff's reasonable accommodation request, which DFSS received on June 8, 2026, with a letter, transmitted via email on June 23, 2026. Ex. A, June 23, 2026 Letter to J. Lehman. In that letter, DFSS assured Plaintiff that her placement in the GBV hotel program would not be terminated on June 26, 2026 and offered to discuss any remaining concerns she had regarding her current placement. *Id.* Following that letter, Mr. Castañeda exchanged several emails with Plaintiff and On July 1, 2026, Mr. Castañeda and undersigned counsel had a call with Plaintiff to talk through her remaining concerns. Mr. Castañeda again assured Plaintiff that her placement would not be terminated and discussed her additional concerns and possible next steps. Ex. B, July 1, 2026 Letter to J. Lehman.

Plaintiff's request for a TRO includes four components. First, she asks that she not be terminated from DFSS-funded shelter services. Second, she asks that she be provided with a private hotel room with a private bathroom located downtown or within one mile of accessible

public transit in reasonable proximity of downtown with 24-hour access to the room. Third, she asks that she be able to receive mail at the hotel. Finally, she asks that she be allowed to meet with service providers at the hotel in a quiet location.

### ARGUMENT

"The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions." *Long v. Bd. of Educ., Dist*. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). Emergency injunctive relief of this sort is an "extraordinary and drastic remedy." *Goodman v. Illinois Dept. of Fin. and Prof'l Regul.*, 430 F.3d 432, 437 (7th Cir. 2005). To be entitled to such relief, Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1754, (2021) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

Here, a TRO is unnecessary because DFSS and SGA have addressed Plaintiff's most immediate need—ensuring that she has continued access to appropriate housing. Plaintiff's current placement is in a hotel where she has a private room and private bathroom. She also has 24-hour access to her room (as opposed to some accommodations available through the City's shelter system that close during certain hours). Thus, Plaintiff is not in danger of irreparable harm that would require the "drastic remedy" of a TRO. *Goodman*, 430 F.3d at 437. DFSS is continuing to work with Plaintiff regarding concerns she has raised about her current placement thought the GBV hotel program, specifically proximity to accessible public transit and the need to be able to meet with service providers and receive mail at her hotel. These issues do not pose a threat of irreparable harm that would require a TRO; in fact, Plaintiff's motion focused on the

possibility of facing homelessness as the irreparable harm she would suffer absent a TRO rather than any ill effects resulting from the other concerns she has raised. Dkt. 5 ¶¶ 24-25.

A plaintiff seeking injunctive relief must show "that they would suffer irreparable harm absent injunctive relief." *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 919 (N.D. Ill. 2021 (citing *Winter*, 555 U.S. at 21). Where "an injunction . . . would do nothing to prevent [the] alleged harm" relief should not be granted. *Halczenko v. Ascension Health, Inc.*, 37 F.4th 1321, 1324-25 (7th Cir. 2022). Here, because DFSS and SGA have confirmed that Plaintiff will not lose her current housing placement while arranging for stable housing, an injunction in the form of a TRO is unnecessary. The City asks that the Court deny Plaintiff's motion.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for a TRO should be denied.

Date:   July 6, 2026

AMIE L. MEDLEY
amie.medley@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial
 Litigation Division
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-2742
*Attorney for City Defendants*

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,

Corporation Counsel for the City of Chicago

By: /s/ *Amie L. Medley*
     Amie L. Medley
     Senior Counsel

4

# Exhibit A

# DEPARTMENT OF FAMILY AND SUPPORT SERVICES

## CITY OF CHICAGO

June 23, 2026
Jessica Jamie Lehman
jessica@jessicaj.studio


Dear Ms. Lehman,

This letter responds to your request for a reasonable accommodation, submitted to DFSS on June 6, 2026. You requested the following accommodations under the Americans with Disabilities Act (ADA); Rehabilitation Act, and Illinois Human Rights Act (IHRA):

1. Private bedroom with private bathroom and shower;
2. 24/7 access;
3. Located downtown or within 1 mile of CTA train line;
4. Ability to meet with case managers or providers in your room or other appropriate space;
5. Ability to receive mail and disclose the address to service providers.

You state in your request that your current placement through the Gender Based Violence (GBV) hotel program "has provided the private, non-congregate, sensory-controlled environment" required to ensure that you are able to access housing. Additionally, the GBV hotel program does not place a limit on the length of your stay in your current placement. As such, we believe that your current placement satisfies your request for a reasonable accommodation.

DFSS is committed to complying with all applicable fair housing laws. We are open to engaging in an interactive process as required by the ADA. If you believe that your current placement does not satisfy your need for a reasonable accommodation request, please contact me at Daniel.Castaneda2@cityofchicago.org.

Sincerely,

Daniel Castañeda
Deputy Commissioner, Gender-Based Violence & Human Services

1615 WEST CHICAGO AVENUE, CHICAGO, ILLINOIS 60622

# Exhibit B



# DEPARTMENT OF FAMILY AND SUPPORT SERVICES
## CITY OF CHICAGO

July 1, 2026

Jessica Jamie Lehman
jessica@jessicaj.studio

Dear Jessica,

Thank you for taking the time to talk with us this morning. I am writing to provide a summary of the topics discussed on our call and next steps. As discussed, I am copying my colleague Laura Ng on this letter so that she can work with us moving forward.

As we discussed, we have communicated directly with SGA and confirmed that your current placement through the Gender Based Violence (GBV) hotel program will not be terminated while you are working toward obtaining stable housing through other available programs.

We discussed the location of your current placement and understand your concerns regarding the availability of services and some of the challenges relating to the available public transit. We will look into whether other locations are available through the GBV hotel program that might better fit your needs. We also discussed the strained relationship you have with your current case manager at SGA and we will look into whether there is another case manager or employee who could be designated as your main point of contact with SGA.

We also discussed past miscommunications regarding receiving mail and receiving visitors, including representatives from other service providers, at the hotel where you are currently staying. SGA has communicated to us that you are able to receive mail there but that will need to be coordinated through SGA and hotel staff. Similarly, SGA has indicated that you are able to meet with visitors in your room or in another space at the hotel, but due to confidentiality concerns for the safety of yourself and other program participants, SGA requires advance notice and coordination of any such visits.

Finally, we will follow up with SGA on your request for any written policies and procedures for program participants that can be provided.

If you have any questions or concerns, please feel free to reach out.

Sincerely,

Danny Castañeda
Deputy Commissioner, Gender-Based Violence and Human Services


Cc:     Laura Ng,      Amie Medley


1615 WEST CHICAGO AVENUE, CHICAGO, ILLINOIS 60622